By the Court.—McAdam, J.
The New York, New Haven and Hartford Railroad Company was incorporated under the laws of Connecticut. The road was extended into this state by permission given by an act of the legislature (Laws of 1846, ch. 195). By section 4 of that act it was provided that the charge for the transportation of passengers should not exceed three cents per mile within this state.
By an act passed in 1866, as amended in 1869, the Harlem River and Portchester Railroad Company was incorporated for the construction of a railroad from the Harlem River to New Rochelle in the state of New York. That road was built, and runs along on the east side of the New York, New Haven and Hartford Road, and several years ago was leased to the N. Y., N. H. & Hartford R. R. Co., and has been used and operated by that company ever since.
Between the Harlem River and New Rochelle is a station called Van Nest, and about half a mile off from that station is the Morris Park race-course, and when the races were had large numbers of people went there, more than could be carried on the regular trains, and getting off at the station they were compelled to walk about half a mile to the race track. The Harlem River and Portchester Railroad Company OAvned the land on which the race track was laid, and also the land between that and the railroad, although it was not used for railroad purposes. In 1889, for the purpose of taking passengers from the station to the race-course, the defendant built a spur or branch road from the station at Van Nest to the race grounds, and has ever since, on the days of the races, run special trains from the Harlem River to the race track on this spur or branch road after *175 leaving the railroad at Yan Nest, taking the passengers right on the grounds, issuing and selling tickets stamped “ R. C. & H. R.,” meaning Race-Course and Harlem River,” and charging fifty cents for the round trip or excursion, the distance being between five and six miles each way.
By the General Railroad Act (ch. 140 of the Laws of 1850) under which the Harlem River and Portchester Railroad Company was organized, the compensation to be charged or received by corporations formed thereunder for transporting passengers is limited to three cents a mile, and by chapter 185 of the Laws of 1857, as amended in 1866, it was enacted that if any railroad company shall ask or receive a greater rate of fare than is allowed by law, it shall forfeit fifty dollars in addition to the excess of fare paid, to be recovered by the party paying the same.
On the 20th of August, 1889, the plaintiff bought such a ticket and paid fifty cents for it, and with it, or under it, as stated in the case (Pol. 81), he rode from the Harlem River station in New York to and from the race-course on a special train, and then brought this suit to recover fourteen cents, the excess over three cents per mile, and a fifty-dollar penalty; and the question now is whether the railroad company has incurred the penalty by charging or receiving fifty cents for that excursion ticket. The spur or track built from the race grounds to Yan Nest station is not a part of the fine or route of the Harlem River & Portchester Railroad, but is a track built only for use on the days of the races, to take people from the station to and from the racecourse, by cars running to take people going to and from the race grounds only. Passengers going from the Harlem River station to the Yan Nest station were charged but three cents a mile, but people who wished to go to a place off from the line of the road were charged a little more. The company' might have run *176 a line of stages from the station to the race-course, in which case it will not be pretended that it would be limited in its charges to three cents a mile, or that the act of the legislature, fixing the rate of fare on railroads constructed under that act, would govern. Does the fact that the railroad company made a railroad track over that piece of ground, so that cars could be switched off on it from the line of the railroad, and the passengers so carried to the race ground, make it any different ? If a separate short railroad had been built from Van Nest station to the race-course, not connected by a switch with the track of the railroad, and the passengers had been carried across by a shuttle train, it would not then have been a part of the Harlem River and Portchester Railroad, nor a road formed under the provisions of the General Railroad Act, nor would section 28 of that act have any application; and in our opinion it has no more application as it is.
The title and right of way must be acquired, and a survey and map of the route and line of a railroad incorporated under the General Railroad Act must always be made and filed. If these prehminaries are not complied with, or these proceedings are not had, it is not a railroad constructed under that act; and if it is not a railroad constructed under that act, sub. 9 of § 28 of that act does not fix the rate of fare ; for that section, by its express terms, fixes the rate of fare only on railroads constructed under that act. If then, as appears to be the case, this spur or branch road from Van Nest station to the race-course was not constructed under the General Railroad Act, and is not a part of the Harlem River and Portchester Railroad, but an independent or temporary structure, which may be used or not at the option of its builders, and may be abandoned at any time, there is no law limiting the price the defendant may charge or receive for carrying passengers upon it. At least there is no law making it penal, or giving to *177 the plaintiff the penalty sued for in this case. It may be an unlawful structure, or an unauthorized railroad, but that fact would not give the plaintiff a right of action. It might give the state, through the attorney-general, the right to compel a discontinuance of the use of the spur or branch, as unlawful, but as no such course has been taken, the discussion of that question becomes unnecessary. The state certainly could not compel the defendant to run its trains to Morris Park race-course, for the simple reason that it was not a station on its road, nor indicated on any map or survey thereof, nor could the state for non-user of the spur or branch have forfeited the charter of the road or deprived it of any of its corporate franchises. This is one effect of the spur or branch not being within any of the provisions of the acts authorizing railways, and another is the inability of a passenger voluntarily availing himself of the special accommodations of the spur or branch recovering any penalty under such acts for compensation exacted for the extra privileges afforded.
The private spur or branch was used at the will of the defendant, as a private enterprise and only on occasions when it thought proper, and it is not subject to any of the acts regulating authorized railways, that are available to the plaintiff.
Every passenger is given the option of traveling on the road at the legal rate or purchasing for a consideration additional facilities or conveniences in addition to the ordinary transportation.
The nature of these conveniences, as distinguished from the ordinary transportation, clearly appears from the facts of this case.
The transportation of passengers over a half mile on private track off the line of the defendant’s railroad is, therefore, as foreign to the ordinary transportation business of the company as the furnishing of meals or seats in a grand stand, or the carrying in elevators or car *178 riages. The land on which the six tracks were built might have been converted into a private road on which to carry passengers from Yan Nest station to the racecourse. The defendant preferred the more convenient arrangement of building a spur track. To do this, it is claimed, needed no statutory authority.
The defendant owned the land as a private individual might own it, and it is urged that it requires no special statutory authority for a private individual to build upon his own land railroad tracks, and run cars thereon for the convenience of his guests or patrons. That there is nothing contrary to public policy in his doing so. We do not feel called upon to decide this proposition in the present case, but if it be as argued, such a railroad needs no franchise or power from the state, the owner may operate it to suit himself and he will not be subject to the regulations and restrictions contained in the General Railroad Act. The defendant could have leased or sold this land to the owner of Morris Park, and he probably might have run the cars on the tracks without organizing a railroad company, or being forced to ask for and receive any power or aid from the state. Pie certainly would not have been subject to the provisions of the General Railroad Act, and it is urged with force that the defendant is not in a worse position.
It is entirely clear that this outside track was never intended to be a railroad under the statute conferring corporate rights, or imposing corporate obligations or liabilities, but was intended to be, and is, a temporary structure to be occasionally used for the convenience of persons desiring to go to a place off from the railroad, and to be discontinued or abandoned at any time at the pleasure of the builders.
If that branch or strip of road is not a part of the Harlem and Portchester Railroad, or was not constructed under or in pursuance of the General Railroad Act, and the charge in excess of three cents a mile was *179 for transportation over that strip or branch road, the plaintiff is not entitled to recover that excess nor the penalty. Penal statutes must be strictly construed, and to recover a penalty a plaintiff must always make a plain case, and bring his claim within the very letter of the statutes. Hall v. Sigel, 13 Abb. N. S., 178; affd. 53 N. Y., 607; Seward v. Beach, 29 Barb., 239; Millered v. L. O. A. & N. Y. Railroad Co., 9 How., 238; Verona C. C. Co. v. Murtaugh 50 N. Y., 314; Wood v. Erie Railway Co., 72 N. Y., 198; Bonnell v. Griswold, 80 Ib., 128; Potter’s Dwaris Statutes, 243.
The court in this case has found that the sum over three cents per mile was for or because of transportation over that outside track, and the evidence warrants that conclusion. All the company charges for any distance on the line of the railroad is three cents per mile or less, and passengers on the road stopping at Van Nest station are required to pay but three cents per mile; but when, as in this case, a passenger asks to be carried from the station to a place off from the line of the road, and where the company is not obliged to take him, there does not appear to be any law forbidding the company charging' an extra compensation.
The court has found that the facts do not show any violation of the provision of Sec. 4 of chapter 195, of the Laws of 1846. That is true, for the reason, among others, that that law has no application to this case. It is not for carrying the plaintiff over that road, or any railroad incorporated under that Act, that the plaintiff paid the fare in question in this case. The road in question is the Harlem River and Portchester Railroad, incorporated under another and a different Act, and which the defendant is running as lessee.
The court also finds that the proof does not show any violation of subdivision 9 of section 28 of the General Railroad Act, chapter 140 of the Laws of 1850 (Fol. 165), and this presents the whole question.
*180 If the views before expressed are correct, that the branch road from Van Nest Station to the race track is not a railroad constructed under the General Railroad Act, then this finding is correct, and the plaintiff to recover was bound to show that it was, or at least that it was constructed under some act of the legislature limiting the rate of fare to be charged to passengers carried over it, to less than the sum charged in this case, which he has failed to do.
All presumptions must be in support of a judgment, and if the statutes and the evidence in this case will bear a construction that will sustain the judgment, that construction must be given them. If the defendant was not limited by the statute, in its charges for transporting persons over that branch track, then it must be presumed that the excess over three cents per mile (the fourteen cents) was charged and received for that extra service. Besides, as the case does not show that it contains all the evidence, if there is any lacking, or not printed in the case, necessary to support the findings (although there does not appear to be) the court must presume it was given. Porter v. Smith, 107 N. Y., 531; Aldridge v. Aldridge, 120 Ib., 614.
Where there is an exception to a finding of fact on the ground that there is no evidence whatever to sustain ■the finding, it is not necessary, in order to raise that legal question, that the case contains all the evidence. Hopkins v. Phenix Ins. Co., 118 N. Y., 165. But that is not this case. The plaintiff in this case, if he claimed or wanted a finding, that the spur or track from Van Nest station to the race-course was a part of the Harlem River and Portchester Railroad, should have requested such a finding. Patterson v. Robinson, 116 N. Y., 198, 199. He did not do so, nor did he, as it looks to us, request any findings. He drew up a draft of a decision, which, however, the judge treated as requests to find, but did not adopt.
*181 The court has not found, nor has it been proved, that there is any such station as Mount Morris Park on the line of the Harlem River and Portchester Railroad, nor that the distance that the plaintiff was carried on that railroad was less than six miles, nor that the entire charge of fifty cents was for travel on that railroad; but does find that the charge was for transportation from 134th street to Morris Park and return. (Fols. 142, 143, 144,157, 158, 159, 160, 161, 162.)
All the findings of fact that the judge did make are supported by evidence, and the second legal question (Fol. 165), on which the whole case rests, is supported by the evidence on the part of the defendant before alluded to, and by the failure of the plaintiff to prove that the burden was on him to show, to entitle himself to recover a penalty.
It follows that the judgment appealed from must be affirmed with costs.
Freedman, P. J., and Gildersleeve J., concurred.