THOMAS J. DUGGAN and Another, Respondents, *v.* HERBERT LUBBIN, Also Known as HERBERT LUBIN and HERBERT LUBIN Doing Business under the Firm Name and Style of HERBERT LUBIN COMPANY, Appellant.

First Department, February 18, 1927.

**Pleadings — answer — denials of any knowledge or information sufficient to form belief are improper, where facts alleged in complaint should be within knowledge of defendant — affirmative defenses would have been sufficient if they had contained allegations that, at time of transaction set forth, law of Canada was as alleged.**

Denials, in an answer, of any knowledge or information sufficient to form a belief, although proper in form, may not be interposed where the allegations to which they are directed relate to facts that should be within the knowledge of the defendant. If the allegations are true they should be admitted; otherwise direct denials may be interposed.

The affirmative defenses pleaded in the answer would have been sufficient if they had contained additional allegations that at the time of the transaction set forth in the complaint the law of Canada was as alleged.

APPEAL by the defendant, Herbert Lubbin, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of December, 1926, granting plaintiffs' motion to strike out the denials in certain paragraphs of the amended answer and to strike out the first and third affirmative defenses.

*Edmund Souhami* of counsel [*Harry G. Kosch,* attorney], for the appellant.

*Earl J. Garey* of counsel [*Eugene L. Garey,* attorney], for the respondents.

PER CURIAM. The denials are improper in form. (See *Kirschbaum* v. *Eschmann,* 205 N. Y. 127.) Denials of any knowledge or

information sufficient to form a belief, proper in form, may be interposed, except as to paragraphs 7th, 8th and 9th. The facts set forth in said paragraphs should be within the knowledge of the defendant. If the allegations thereof are true they should be admitted, otherwise direct denials may be interposed.

The affirmative defenses would have been sufficient if they had contained the additional allegations that at the time of the transaction set forth in the complaint the law of Canada was as alleged.

The order should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to serve an amended answer within ten days from the date of the service of the order to be entered herein upon payment of said costs and ten dollars costs of motion at Special Term.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and PROSKAUER, JJ.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendant to serve an amended answer within ten days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.