VANNET DOWNING, as Administratrix, etc., of JOHN DOWNING, Deceased, Respondent, v. THE CITY OF NEW YORK, Appellant.

First Department, February 18, 1927.

Motor vehicles — action against city of New York for death of plaintiff's intestate who was killed when automobile truck driven by employee of defendant ran into horse-drawn truck belonging to intestate — defendant's driver was engaged in his own business at time of accident — driver had been given permission by foreman to leave job — Highway Law, § 282-e, added by Laws of 1924, chap. 534, does not make defendant liable — act of driver was without corporate powers of city and consent to his act could not be given — said amendment to Highway Law is constitutional.

The city of New York is not liable for the death of plaintiff's intestate, who was killed when an automobile truck, belonging to the city, which was driven by an employee of the city, ran into a horse-drawn truck belonging to the intestate, for it appears that at the time of the accident the driver of defendant's truck was engaged in his own personal business away from his job.

The fact that the foreman of the defendant's driver gave his permission to the driver to leave the job for a short time to transact personal business, does not make the city of New York liable under section 282-e of the Highway Law, as added by chapter 534 of the Laws of 1924, for the act in question was entirely outside of the powers of the city and could not be authorized or directed by an officer of the city, much less by a foreman of a gang in which the driver was working.

The section in question is not unconstitutional.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of March, 1926, upon the verdict of a jury for $30,000.

*Elliot S. Benedict* of counsel [*John F. O'Brien* and *Matthew J. Troy* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the appellant.

*John J. O'Connor* of counsel [*Louis H. Schleider* and *Leonard F. Fish* with him on the brief; *Harry E. Kreindler*, attorney], for the respondent.

McAvoy, J. Plaintiff in this action recovered a judgment of over $32,000 for the death of her husband who was injured in December, 1924, while driving a horse-drawn truck along the north-bound car tracks on Ninth avenue in the city of New York about twenty-five feet north of Seventeenth street. The left front wheel of his truck was hit by the right front wheel of the city-owned truck going north which cut around intestate's wagon, pushing it up against the elevated railroad pillar and throwing the driver off the seat to the ground under the wheels of his own wagon which ran over him.

He died of the injuries inflicted and his widow brings this suit.   The accident happened about three-fifteen in the afternoon.   The driver of the city truck was one Canevari.   He was engaged in cleaning sewer basins at Mulberry and Hester streets and was removing the material to the Roosevelt street dock.   His district ran from Hester street south to the Battery.   He was not engaged in any city work at Ninth avenue and Seventeenth street on the afternoon of the accident.   According to the proof of the defendant he was on his way up to the New York Central railroad yards to get Christmas trees to take home at the time of the accident.   He had not yet procured the Christmas trees, but it is in evidence that after the accident, when the injured man was taken to the hospital, Canevari proceeded to the railroad yards and procured the trees.

Doubtless at common law the city would not be liable since Canevari, the driver, was not engaged in any business of the city at the time of the accident, but had proceeded " on my own hook," as he phrased it, to take a city truck to the railroad yards for his own purposes.   He had applied to the foreman in charge of his gang for a half day off.   When this was refused he said he would take the car " on my own hook," and the foreman replied, " Go ahead." He returned after the accident to work with his truck at Mulberry and Hester streets.   The foreman testified that his duties were to keep the men and the truck at work south of Houston street, but on the afternoon in question he gave Canevari a " little privilege " on his own responsibility to do some shopping for the Christmas holidays.   He said it was not customary to allow this to be done and that he had no authority to let the truck leave the work.

Counsel for the city asked to have the complaint dismissed on this proof, upon the grounds that plaintiff had not shown any liability on the city's part, because the city truck was not operated by permission of the owner; was not engaged in the city's business; and, in effect, was deviated from the use to which it was put.

It is claimed that the city may be held liable, however, under chapter 534 of the Laws of 1924, which added section 282-e to the Highway Law, which provides:

" Negligence of operator other than owner attributable to owner. Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

The learned trial court charged that this section was applicable to this case.   The court also charged that the jury was to discover

whether Canevari had the consent to operate the truck legally on the day in question. It was also further charged that as a matter of law the driver was in the discharge of the city's business at the time and place in question and that the jury must find a verdict for plaintiff if they believed plaintiff's witnesses. The city maintains, and it is in effect conceded, that had there been no amendment to the Highway Law, there could not have been any recovery against the city for the injury inflicted and the death resulting, because Canevari, the driver of the truck, was not engaged in the duty to which he was assigned, to take material from the sewer basins to the Roosevelt street dock and return therefrom to the place, of work. Such a departure from his regular path of duty would under common-law principles absolve the city as a matter of law from liability for his negligent acts. It would seem, too, that this statute cannot cover the use by a public servant of public property for a private purpose. While municipal corporations are within the operation of the general rule of law, that a superior must answer for the negligence of an agent or servant in the course of his employment where another is injured, it is always necessary to establish liability that the act complained of be within the scope of the corporate powers, as provided by the municipality's charter or other enactment of law. If the act is done outside of the authority and power of the municipal corporation, it is not liable, whether its officers directed its performance, or the act was done without express direction. Such an act is *ultra vires*, and cannot be made the basis of an action for damages. Neither does the Highway Law impose any liability upon the city for permission given to employees to possess themselves of automobile vehicles where such permission is given without authority and outside the scope of business of the city. Certainly, the foreman of a gang, whose position was hardly more important than that of the driver, could not be considered as having the status of an owner or the agent of an owner to permit the use or operation of such vehicle.

The city also claims that the statute is unconstitutional, in that it deprives the city of its property without due process of law, for it takes away two defenses, which prior to its enactment would have defeated the plaintiff's claim: (1) That the truck was being used without the permission of the master (the city); (2) That it was not being used in the master's business.

We do not believe there is any question but that the Legislature has power to impose upon owners of automobiles liability for damages which they cause, because of the danger arising from the use of this means of locomotion on the public highways even when not used in the business of such owners, when they permit either

expressly or impliedly the use of the machine by the person who causes the injury. Under the proof here, however, permission by the city or any authority to grant permission by its officers for the use of the truck outside of its corporate purpose was not made out in law or fact.

We think the judgment should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.