BENJAMIN WEISS, Respondent, v. THE MONTRAY CORPORATION and EARL R. DUMONT, Appellants. (Action No. 2.) — Motion for stay of trial denied. Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

ALBERTA E. SIGRETTO, Respondent, v. R. H. S. B. HOLDING CORPORATION and Another, Defendants. JOSEPH L. SIGRETTO, Appellant.— The appeal herein having been decided, the motion to dismiss the appeal is dismissed.— Present — Kelly, P. J., Manning, Young, Kapper, Lazansky and Hagarty, JJ.

M. MORTON ANSORGE, Respondent, v. ELIZABETH BELFER, Appellant. BANK OF THE MANHATTAN COMPANY, Respondent.— Judgment of specific performance modified by eliminating the provision thereof for sale and deficiency judgment, and by providing a time for compliance with the terms of the judgment. As so modified the judgment is unanimously affirmed, without costs. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ. Settle order on notice.

GEZA D. BERKO, Respondent, v. SAMUEL ZIERLER, Appellant.— Order denying motion to compel plaintiff to elect between the first and second causes of action affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Young, Kapper and Hagarty, JJ., concur; Lazansky, J., dissents.

LEMUEL CARO, Respondent, v. PROGRESSIVE GROCERY STORES, INC., Appellant.— Judgment and order affirmed, with costs. No opinion. Kelly, P. J., Young and Hagarty, JJ., concur; Kapper and Lazansky, JJ., dissent, and vote to reverse and for a new trial, upon the ground that it was error to charge, as a matter of law, that the ambulance had the right of way. While such a vehicle has a special right of way under the General Highway Traffic Law (subdivision 1 of section 12), and is not, in our opinion, limited to the restrictions imposed on ordinary vehicles under subdivision 4 of said section 12,* we think it cannot be said, as a matter of law, under the circumstances shown by the record, that the defendant's truck was bound to accord the ambulance the right of way, but that the question whether or not the latter vehicle had the right of way, in the light of all the facts, should have been left to the jury.

GEORGE COHEN, Respondent, v. CHARLES BRAVE, Defendant. MENDELSOHN'S TEXTILE CORPORATION, Appellant.— Order granting plaintiff's motion to consolidate actions affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

CORN PRODUCTS REFINING COMPANY, Appellant, v. TRANSMARINE CORPORATION, Respondent.— Order in so far as it denied plaintiff's motion addressed to certain portions of defendant's answer modified in the following respects: (1) So much of the allegation contained in the 4th paragraph as denies knowledge or information sufficient to form a belief that defendant carried plaintiff's merchandise on the steamship Sugillenco to San Francisco, is stricken out as sham, upon the ground that the allegation is a matter within defendant's knowledge (Duggan v. Lubbin, 219 App. Div. 433); (2) defendant is required to separately state and number the defenses set forth in paragraphs fourteenth and fifteenth of the answer; (3) paragraphs eighth and ninth of the answer are stricken out as insufficient in law, upon authority of South & Central American Commercial Co. v. Panama R. R. Co. (237 N. Y. 287); and as so modified, order affirmed, without costs. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

* Since amd. by Laws of 1926, chap. 513.— [REP.