HARRY W. JONES, Plaintiff, v. TOWN OF CLARKSON, Defendant.
MARY G. F. JONES, Plaintiff, v. TOWN OF CLARKSON, Defendant.

Supreme Court, Monroe County, June 28, 1927.

Motor vehicles — action against town to recover damages arising out of negligent operation of motor truck — town is liable, under Highway Law, §§ 281, 282-e.

Under sections 281 and 282-e of the Highway Law, a town is liable for the negligence of an employee in the operation of a motor truck upon the public highway in connection with a duty imposed upon the town.

MOTION to dismiss complaint.

*Reed & Shutt* [*George Y. Webster* of counsel], for the motion.

*Wile, Oviatt & Gilman* opposed.

RODENBECK, J. The rule is well recognized that a political division like a town is not liable for a tort of its officers, servants or agents unless the liability has been imposed by statute. (Dillon Mun. Corp. [4th ed.] §§ 961 *et seq.;* S. & R. Neg. [4th ed.] §§ 256 *et seq.*) The rule has grown up as a matter of public policy out of the exploded theory that the sovereign can do no harm and that the political divisions of the State, such as towns, are mere representatives of the State. This doctrine is not now maintained in all its early integrity, but, on the contrary, the State and its political creations are often subjected to liabilities for torts quite as extensive as are private corporations. In the case of towns, a liability, for instance, is imposed for failure to maintain highways in a proper condition, due to negligence of highway officers, but it is claimed

by the defendant in this case that no liability exists for the negligent use of a truck on a highway, whereby a person has been injured. There is no statute which imposes a liability for such a tort upon a town, by name, but the Motor Vehicle Law imposes a liability for negligence upon " every owner " of a motor vehicle under certain circumstances, and this language is sufficiently specific to include a town. (Highway Law, § 282-e.) It does not appear that the vehicle in question did not come within the definition of a motor vehicle. (Id. § 281.) In view of the tendency to relax the rule of exemption of the sovereign and its political creations from liability, it ought not to be necessary to point to a statute imposing a liability upon towns, by name, where the statute is broad enough to cover such a political organization. The reason for the rule ought not to prevail over the justice of the case. The language of a statute should not be strained by construction from its obvious meaning to sustain an ancient theory of sovereign liability. If it is necessary to protect the State and its political divisions against liability for torts, it is equally necessary to protect innocent persons from injuries through the negligence of public officers, servants and agents. The use of the motor vehicle has become so general that the Legislature deemed it necessary to enact that " every owner " should be liable for injuries occasioned through the negligence of one who is permitted to drive his car upon the public highway. Why should not the liability extend to a town which is the owner of a truck? Is a town to be permitted to send out a truck upon the public highway, operated by an incompetent driver, and injure persons through his negligence, without recourse against it? The acts of officers, agents or servants engaged in governmental functions while operating a motor vehicle, are sufficiently taken care of. (Highway Law, § 281.) Is the protection of the public treasury of more importance than the protection of private property or human life? The statute should be given its full force until the Legislature sees fit to restrict its application. Until this is done, " every owner " of a motor vehicle within the definition of that term (Id. § 281), used with his permission, including a town, should be made liable for its negligent operation upon the public highways, whereby property is damaged or persons injured. (Id. § 282-e.)

Motion denied, with ten dollars costs. So ordered.