JAMES KELLY, Plaintiff, *v.* CITY OF NIAGARA FALLS, Defendant.

Supreme Court, Niagara County, April, 1928.

**Municipal corporations — motor vehicles — Highway Law, § 282-e, renders municipality liable for negligence of police officer in operating motor vehicle — complaint contains sufficient allegations, under Highway Law, § 282-e, but is insufficient for failure to negative exceptions and allege facts under Highway Law, § 281, and General Highway Traffic Law, § 12.**

Under section 282-e of the Highway Law, which provides that " every owner " of a motor vehicle shall be liable for personal injuries to others occasioned by the negligent operation of his motor vehicle " in the business of such owner *or otherwise* by any person legally using or operating the same with the permission, express or implied, of such owner," the words " every owner " include a municipality, outside of the express exceptions, and a city is liable, under said section, for the negligence of one of its police officers while operating a motor vehicle on the streets of the city.

A city is not liable, under said section of the Highway Law, for the negligence of its police officer as such, but is liable for the negligence of its permittee in operating its automobile.

A complaint in an action to recover damages for personal injuries suffered by the plaintiff when struck by an automobile owned by defendant city and provided for the use of its police officers, which alleges that the accident was caused solely by the negligence of defendant's police officer while operating the automobile, is sufficient to comply with section 282-e of the Highway Law, but is insufficient to state a good cause of action, because it fails to allege the exception in section 281 of the Highway Law that the automobile was not a " police patrol wagon " and was not being used as such at the time of the accident, or that the acts constituting the negligence did not come within the exceptions of section 12 of the General Highway Traffic Law that the operation of the vehicle was negligence in some respect other than in non-compliance with the traffic rules and regula- ·

tions, or that the automobile was being legally used by the police officer with the express or implied permission of the defendant. Such facts should be sufficiently alleged and such exceptions should be negatived to state a good cause of action, and the failure to make such allegations warrants a dismissal of the complaint with leave to amend and supply such defects.

MOTION by defendant to dismiss the complaint.

*Watts, Hunt & Findlay* [*Francis T. Findlay* of counsel], for the plaintiff.

*George W. Knox, Corporation Counsel,* for the defendant.

NORTON, J. This action is brought by plaintiff to recover his damages for personal injuries received by him when he was struck by an automobile owned by defendant, and by defendant provided for the use of defendant's police officers in the performance of their duties, which automobile was at the time of the accident being operated on the streets of defendant by one of defendant's police officers then on duty. Plaintiff alleges that the accident was caused solely by the negligence of such police officer, which for the purposes of this motion, must be accepted as the fact.

Defendant moves to dismiss the complaint on the ground that it does not state a cause of action.

Under the statute, section 282-e of the General Highway Law (added by Laws of 1924, chap. 534, as amd. by Laws of 1926, chap. 730), every owner of a motor vehicle shall be liable for personal injuries to others occasioned by the negligent operation of his motor vehicle " in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

Prior to the enactment of such section 282-e, every owner of a motor vehicle (or any other machine or instrument), with a few exceptions, mainly the State and the municipalities thereof, was liable for damages caused by its negligent operation while it was engaged in or used upon his business. To make such owner liable therefor it was not necessary to enact a statute. In that respect the statute does not create a new liability.

Before the enactment of such law the courts had, through a long line of decisions, made an exception to such general rule of liability in case of municipal corporations when exercising governmental functions, such as police and fire protection and hospital service, by holding that the municipalities were not liable for the negligence or torts of their officials or employees through or by whom such police, fire or hospital service was being performed, while performing their duties. (*McKay* v. *City of Buffalo*, 9 Hun, 401; affd., 74 N. Y. 619; *Maxmilian* v. *Mayor*, 62 id. 160; *Wood-*

*hull* v. *Mayor*, 150 id. 450; *Wilcox* v. *City of Rochester*, 190 id. 137, and cases cited in such decisions.)

The ground for such holding, in substance, was that such duties or service are governmental in character and as such pertain to and devolve upon the State and not upon municipal corporations; and that the officials or employees performing such duties or rendering such service, while so engaged, are not acting as the agents or representatives of the municipal corporation of which they are officers or employees; and that, therefore, their municipality is not liable for their negligence or torts while performing such duties or service.

Does such section 282-e abrogate such exception, so far as to make a municipality liable for the negligent operation of its motor vehicles, by its police or fire departments, or officers, or in its hospital service, is the question stressed by defendant upon this motion.

Since the enactment of the section in 1924 it has been the subject of much consideration by the courts; but none of the decisions bear directly on such question involved herein. The cases nearest in point are: *Jones* v. *Town of Clarkson* (130 Misc. 57) and *Downing* v. *City of New York* (219 App. Div. 444).

It was held in the *Downing* case that neither the officials nor employees of a municipality may consent to nor permit the use of the municipality's automobile for any use other than the municipal purpose for which it was provided, and by such consent or permission make the municipality liable for the negligent operation of the automobile while engaged in such diverted use. (*Downing* v. *City of New York, supra; Aspinall* v. *City of New York*, 221 App. Div. 753.)

The effect of such decisions is not to weaken nor to take from the statute any of its force; but to point out that permission, in order to carry liability and responsibility for negligent operation by the permittee, must be given by the owner, and that in the case of a municipally owned motor vehicle, such permission can only be given by the municipality itself.

If it is now to be held that the law, as to a municipality's liability for the negligence of its firemen, police officers and hospital employees, as declared in *McKay* v. *City of Buffalo (supra); Maxmilian* v. *Mayor (supra); Wilcox* v. *City of Rochester (supra),* and kindred cases, is still the law when such negligence occurs in the use by such officers and employees of municipally owned and furnished motor vehicles, then such holding amounts to emasculating such section 282-e to that extent by judicial construction.

It is true that the duties of the police officers of the defendant

and the performance thereof are not " the business of the owner " (the defendant) (see *Wilcox* v. *City of Rochester, supra*); but the words of the statute are " negligence in the operation of such motor vehicle, in the business of such owner, *or otherwise,* * * * with the permission, * * * of such owner."

Those words can be logically construed in no sense so as to relieve the owner from liability for the negligent operation of his motor vehicle by his permittee acting within the zone and scope of the permission.

If the effect of these words is to be limited it must be done by the court's grafting on them an exception that is not expressed in the statute.

I believe that the Legislature in using the words " every owner of a motor vehicle " in that statute intended it to apply to all owners of such vehicles, including municipalities, and to thereby make municipalities liable in instances of uses for which, prior to its enactment, they were not liable.

The statute was enacted for the definite purpose of making owners liable for their permittee's negligent operation of such vehicles, for which the owners were theretofore, in many instances, not liable. I can see no sound reason for arbitrarily excluding municipalities from its inclusion when the permittee is a police officer on duty. Had the Legislature intended municipalities, in circumstances of that character, to be excepted from the application of that law, it would have made the exception in terms from which the exception could, at least, have been inferred.

The statute includes liability when the motor vehicle is used in the owner's business, which was and long had been the law. It also creates a new liability by making the owner liable for his permittee's negligent operation thereof. This new liability should be neither extended nor curtailed by judicial construction.

That the Legislature, in enacting this section 282-e as an amendment to the Highway Law, had in mind municipal corporations, and the police, fire and hospital departments thereof; and that the officers and employees of such departments in performing their duties were engaged in a governmental and not a municipal function, may fairly be inferred from the exceptions and exemptions in relation to the performance of such functions, from the operation of the Highway Law and the General Highway Traffic Law.

For several years before section 282-e was enacted, the State, by section 281 of the Highway Law and by section 12 of the General Highway Traffic Law, had excepted and exempted by definite provisions municipal corporations from certain of the

highway traffic regulations. Fire wagons and engines, *police patrol wagons*, and ambulances are among the vehicles to which article 11, of which section 282-e is a part, does not apply. (See § 281, subd. 1.) The provisions of section 282, as to registration, etc. (except as to the payment of registration fees), apply to motor vehicles owned or controlled by " the state, a city, county, village, town or school district or any of the departments thereof." Subdivision 6, section 282. Vehicles, when in the performance of duty of the police and fire departments, and ambulances, are not subject to the traffic rules and regulations, but are given the right of way over other traffic on the streets and highways, by section 12, subdivision 1, General Highway Traffic Law, which exemptions have in effect been sustained by the court in the case of *Caro* v. *Progressive Grocery Stores* (220 App. Div. 731; affd., 246 N. Y. 614).

Defendant urges that section 282-e assumes to create an entirely new liability and is an act in derogation of common law and, therefore, must be strictly construed. It must be conceded that a statute changing the common law by imposing a liability, when none had existed theretofore, must be given a strict construction and may not be extended by construction. (*Millered* v. *Lake Ontario, A. & N. Y. R. R. Co.*, 9 How. Pr. 238; *McCluskey* v. *Cromwell*, 11 N. Y. 593.)

But this statute imposes a new liability on " every owner " of a motor vehicle, and must be strictly construed as to " every owner," one as much as another. There is no substantial reason why this statute should, by construction, be held to not apply to one class of owners and yet be held to apply to other classes of owners.

The inclusion of the statute is all comprehensive. " Every owner " includes a municipality (*Downing* v. *City of New York*, *supra*), as well as an individual or private corporation. It should, and in my opinion it does, include a municipality, outside of the express exceptions, whatever the use may be that the motor vehicle is to be put to, provided only such use is legal, and within the scope and limits of the municipality's permission to use it; and the municipality has the legal power to grant the permission.

This new statute imposes a new liability upon the owner of a potentially dangerous instrument, who permits its use by another and thereby, through its use and the place thereof, may constitute it an active instrument to injure innocent third persons. It is that ownership of the instrument and the permission of the owner to use it that makes the owner liable for the permittee's negligent operation of it.

As between the third party, innocent of negligence, and the owner of the automobile, who may permit an inefficient and finan-

cially irresponsible person to operate it, and thus put it within his power to inflict the injury, the owner, who, in a sense, initiates the wrong, should pay for the damages caused thereby.

This reasoning applies with the same force to a municipality that furnishes automobiles for its police officers to use in the performance of their duties. (If the municipality cares to do so it may protect itself from ultimate loss by insurance.) The court in *Downing* v. *City of New York* (*supra*) holds that such statute applies to the municipalities of the State. (See, also, 42 C. J. 1118, §§ 875, 876.)

In such section 875 the law is stated, under the caption " police vehicles," as follows: " A municipal corporation is not, *in the absence of statute* [italics mine], liable for injuries caused by the negligent act of a policeman while driving an automobile belonging to it, and while engaged in the performance of a governmental duty," citing many authorities, among which are *Brown* v. *Mayor & Council of Wilmington* (27 Del. 492), which is the sole case cited, in which the municipality was charged with liability even in the absence of statute imposing liability; and the case of *Aikens* v. *City of Kingston* (53 Ont. L. 41; 23 Ont. W. N. 159; 3 Dom. L. R. [1923] 869), wherein statutory liability was enforced against a city as owner of the automobile. And in section 876, under the head " statutory liability " it states that the validity of a statute imposing liability upon the owner for the negligent operation of a motor vehicle by one operating it with the owner's permission, has been sustained, even as applicable to a municipal corporation owner, citing *Downing* v. *City of New York* (*supra*).

And in *Jones* v. *Town of Clarkson* (*supra*), Judge RODENBECK held that, under section 282-e, towns are liable for injuries resulting from the negligent operation of town-owned motor trucks, while being used upon the business of the town, placing such decision squarely on the provisions of the section. There is a distinction, it is true, between certain business of a town and the duties of the police of a municipality, but the truck in the *Jones* case was being used on some town business of such nature that the town would not have been liable for its negligent operation in the performance thereof, had the accident occurred prior to the enactment of section 282-e. Judge RODENBECK holds that such section imposes on the town a liability which theretofore did not exist.

To that extent the *Jones* and *Downing Cases* (*supra*) are authorities to the effect that a municipality that provides its officers and employees, whether in the fire, police or hospital service, or any other department, with motor vehicles, to the end that such employees may more efficiently discharge their duties, are liable for damages

to others occasioned by the negligent operation thereof, by the official or employee in the performance of his duty.

It is not for the negligence, however, of its police officer, as such, that defendant is liable. As police officer engaged in the performance of his duty, he is not the servant nor agent of defendant. (*McKay* v. *City of Buffalo, supra; Maxmilian* v. *Mayor, supra; Ham* v. *Mayor,* 70 N. Y. 459; *Lorillard* v. *Town of Monroe,* 11 id. 392.)

But it is the negligence of its permittee in operating its automobile for which defendant is liable.

As in the case of *Woodhull* v. *Mayor (supra)* the person whose tortious act was the basis of the cause of action, was acting in the double capacity of bridge car guard or attendant, for whose tortious act committed in the course of his employment the defendant was liable, and as a policeman, for whose torts the defendant was not liable; so in the instant case, the person whose negligent operation of defendant's car caused the injuries which are involved in this action, was acting in the double capacity of police officer on duty whose negligence is not chargeable to defendant, and as permittee of defendant (owner of the automobile) in the operation of the automobile, for whose negligent operation thereof the defendant is liable. This is a closely drawn distinction, but no more so than was the distinction in the *Woodhull* case. And in dealing with, and applying the law, as to the liability of a municipality for the negligence of its police, firemen and hospital employees, and distinguishing between liability therefor, and the liability of a municipality for the negligence of employees engaged in street construction, maintenance or repair, or garbage collection, the courts have engaged in drawing some very fine distinctions.

To make the owner liable, his permittee, at the time of the negligent act, must be acting within the scope and limits of the permission. (*Fluegel* v. *Coudert,* 244 N. Y. 393; *Psota* v. *Long Island R. R. Co.,* 246 id. 388.)

In the case at bar the operator of the automobile was using it for the express purpose for which the defendant, the owner, provided it and permitted him to use it.

The test of the owner's liability under the statute seems to be, was the automobile being operated at the time and place of the accident, by one who had the owner's permission, and was it so operated within the scope and limits of the owner's permission?

As to the point discussed above, I am of the opinion that the amended complaint states a good cause of action.

The amended complaint, however, in other respects, fails to allege a good cause of action, in that it does not negative the

exception in section 281 of the General Highway Law, viz., it does not allege that the automobile in question was not a " police patrol wagon " nor being used as a " police patrol wagon," at the time of the accident; nor does it allege that the act or acts constituting the alleged negligence did not come within the exceptions of section 12 of the General Highway Traffic Law, as amended, viz., that the operation of the automobile was negligent in some respect other than in non-compliance with the traffic rules and regulations, from which the police, while in the performance of duty, are in said law specifically exempted; nor does it allege that the automobile was being legally used by the police officer, with the express or implied permission of defendant. Such facts should be specifically alleged and such exceptions should be negatived in order to state a good cause of action. (*Troughton* v. *Grace,* 151 App. Div. 655; *Rowell* v. *Janvrin,* 151 N. Y. 60.)

The amended complaint should be and is dismissed, without prejudice to an application by the plaintiff to the court for leave to amend, to remedy and supply such defects, without costs of this motion to either party.