CECELIA B. LACOCK, as Administratrix, etc., of JOHN R. LACOCK, Deceased, Respondent, v. CITY OF SCHENECTADY, Appellant.

Third Department, November 15, 1928.

Carleton H. Lewis, Corporation Counsel [Charles G. Fryer of counsel], for the appellant.

Naylon, Maynard, Bates & Smith, for the respondent.

VAN KIRK, P. J. A police officer, while engaged in his duties as such, is performing a governmental function and for his negligence a municipality in which he serves is not liable. This proposition is well sustained by authority. (Wilcox v. City of Rochester, 190 N. Y. 137; Woodhull v. Mayor, 150 id. 450; Herman v. Board of Education, 234 id. 196, 201.) This immunity from action extends to and includes the negligent acts of its officers, agents or servants; the doctrine of respondeat superior does not apply. (Herman v. Board of Education, supra, 199; Hughes v. County of Monroe, 147 N. Y. 49; Wahrman v. Board of Education, 187 id. 331; Maxmilian v. Mayor, 62 id. 160.) The plaintiff, respondent, however, urges that nevertheless the city is liable under that part of the complaint which charges negligence " In permitting and directing a patrolman not experienced in the operation of a motorcycle and unfit to operate a motorcycle in the course of his duties   *   *   *." In plaintiff's brief it is claimed that this negligence of the city occurred when Nessler was examined for duty; that is, the negligence is in disregarding a duty of diligent selection of competent servants; and cites Herman v. Board of Education (supra). In that case the board as a corporate body was held liable because it had furnished an unguarded buzz-saw for the use of the pupils; the duty of furnishing suitable and safe equipment had been imposed by the State upon the board. The court said (p. 201): " The corporate cloak covers the individual trustee, but where the corporate body acts for itself and not through the agency of its officers and employees, it is bound to act with due regard for the safety of the children and others in its care in the discharge of those duties imposed on it by law, which are not delegated or delegable to others." That case has no application here. Schenectady was prior to 1924, when the Home Rule Amendment to article 12 of the Constitution took effect, a city of the second class, and by virtue of section 36 of the City Home Rule Law is subject to the Second Class Cities Law. No duty has been imposed upon the city in respect to the appointment or control of members of the police force. These are appointed

by and are solely under the control of the commissioner of public safety (Second Class Cities Law, § 135; Id. § 131, as amd. by Laws of 1909, chap. 573), who in turn is appointed by the mayor. (Id. § 12.) The officers of the city are made instruments of the State for the organization of the police force. The power of appointment is exercised within the broad field of the police power of the State and an officer of the municipality in so appointing acts as a public officer in the discharge of duties imposed upon him, not by the city in its private character, but by the Legislature for the public benefit. (*Wilcox* v. *City of Rochester, supra,* 142.) In that case (p. 144) Judge WILLARD BARTLETT, writing for the court, said: " I think it can hardly be disputed that, so far as relates to the appointment and maintenance of the police force, the city of Rochester exercises a public governmental function." (Rochester was at that time a city of the second class.) The fact that the city pays the policemen does not change the rule of immunity from action; this is but a means that the State employs of maintaining the force. The acts of the city or of the appointing officer being acts of a governmental agency, that agency enjoys the same immunity from action which the State has (*Corbett* v. *St. Vincent's Industrial School,* 177 N. Y. 16, 21), and so is immune from action by any person on account of its own acts, or of the acts of any one of its officers, though a valid cause of action may exist, unless express consent thereto has been given. (*Jaked* v. *Board of Education,* 198 App. Div. 113, 116, and cases cited; affd., 234 N. Y. 591.) The Legislature has given no consent to the prosecution of an action against the city on grounds alleged here. If the rule urged were adopted, this immunity would gradually disappear. We hold that this action may not be maintained though the commissioner of public safety may have failed to exercise reasonable care in the selection of Nessler.

And further, if a duty rested on the city to select competent members of the police force, the burden of showing disregard of this duty was plaintiff's. It is not alleged that such duty was ever cast upon defendant by statute or otherwise; nor is it alleged, unless by inference, that Nessler was inexperienced or unfit; nor, if he was unfit, that defendant knew it or ought to have known it.

The trial court, without expressing its own views, denied the motion for judgment on the pleadings dismissing the complaint under rule 112 of the Rules of Civil Practice on the authority of *Kelly* v. *City of Niagara Falls* (131 Misc. 934), which holds that section 282-e of the Highway Law (added by Laws of 1924, chap. 534), as amended by Laws of 1926, chapter 730, has imposed lia-

bility upon the city. That section contains this: "Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner." In our opinion this provision does not apply to municipalities when acting as agencies of the State. We have shown above the nature and extent of the immunity from action had by a city because of its acts or the acts of its officers performed while acting as a State agency in organizing and controlling a police force. An immunity so grounded admits of no exception other than that which the Legislature has enacted; it is not taken away by legislation not specific in its meaning. (*Matter of Hoople*, 179 N. Y. 308, 311.) While the State may give its consent to be prosecuted by action, a general statute, by implication, does not give the required consent. Such consent must be expressed in unequivocal language. Consent to the prosecution of a city for its acts or omissions when, as the agency of the State, exercising general governmental powers conferred upon it, must be expressed with like language. I do not find such language in this act. It seems absurd to say that the Legislature, by its general language in this section of the Highway Law, intended to change the long-recognized rules which have application here. " The thought behind the phrase proclaims itself misread when the outcome of the reading is injustice or absurdity." (*Surace* v. *Danna*, 248 N. Y. 18, 21.) It is not necessary for us to set forth definitely the legislative intent when this section was enacted, but one purpose plainly was to remove the defense that the automobile at the time of the accident was not used in the business of the employer, or by his authority. (*Plaumbo* v. *Ryan*, 213 App. Div. 517.) The significant words in the sentence quoted from this section are " in the business of such owner or otherwise." It would be strange indeed if a result so extraordinary as the plaintiff urges could be justified by this act. It would place a liability upon the municipality for the negligent act of a police officer within its limits while riding a motorcycle and yet cover no other negligent act by such police officer or others, for example, firemen, who are performing a governmental function within the jurisdiction of the city.

The order should be reversed, with costs, and the motion granted, with ten dollars costs.

HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.