ANDREW H. MILLER, Respondent, *v.* TOWN OF IRONDEQUOIT, Appellant, Impleaded with ROCHESTER GAS AND ELECTRIC CORPORATION and Others, Defendants.

Fourth Department, January 9, 1935.

*George R. Lunn, Jr.,* for the appellant.

*Heiby W. Ungerer,* for the respondent.

LEWIS, J. A fire district known as Laurelton is one of several created under section 38 of the County Law and existing in the town

of Irondequoit, Monroe county, N. Y. In 1930 the district owned and operated a fire truck of which the defendant Sink, a paid employee, was a driver. The plaintiff was then a volunteer fireman. In the afternoon of July 26, 1930, a telephone call gave notice of a fire to which the Laurelton apparatus responded with the defendant Sink driving and the plaintiff riding in the body of the truck. While turning at a street intersection the truck skidded in such a manner as to strike a pole, thereby causing injuries to the plaintiff for which he has recovered a judgment against the defendant Sink and the town of Irondequoit. The town alone appeals.

In view of the conclusion we have reached, we may disregard a number of assignments of error, to which the appellant has directed our attention. We limit our decision to the single inquiry whether section 282-g of the Highway Law imposes liability upon a town for the negligent operation of a fire truck owned and maintained, under section 38 of the County Law, by one of a number of fire districts within the township.

Prior to 1929 the common-law rule prevailing in this State accorded to municipalities certain complete defenses against tort liability. These defenses had their origin in the English doctrine of sovereign immunity. In the application of that rule our courts drew a fine distinction between torts committed in the performance of duties strictly governmental and those occurring in the exercise by a municipality of its proprietary or private functions. As to the former the municipality was exempt from all liability; as to the latter " it may be held to that degree of responsibility which would attach to an ordinary private corporation." (*Springfield Fire Ins. Co.* v. *Village of Keeseville*, 148 N. Y. 46, 53; *Maxmilian* v. *Mayor*, 62 id. 160; *Augustine* v. *Town of Brant*, 249 id. 198. Cf. Dillon Mun. Corp. [5th ed.], p. 181, § 109.) Within the field of non-liability were placed the functions of fire, police and health protection and the administration of public welfare agencies. (*Lefrois* v. *County of Monroe*, 162 N. Y. 563; *Wilcox* v. *City of Rochester*, 190 id. 137; *Nichitta* v. *City of New York*, 223 App. Div. 428, 430; affd., 250 N. Y. 530; *Lacock* v. *City of Schenectady*, 224 App. Div. 512.)

In response to a rising tide of criticism against the doctrine of sovereign irresponsibility, the Legislature in 1929 enacted section 282-g of the Highway Law (Laws of 1929, chap. 466) which provides:

" § 282-g. Municipal liability for negligent operation of vehicles. Every city, town and village shall be liable for the negligence of a person duly appointed by the governing board or body of the municipality, or by any board, body, commission or other officer thereof, to operate a municipally owned vehicle upon the public

streets and highways of the municipality in the discharge of a statutory duty imposed upon the municipality, provided the appointee at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment. Every such appointee shall, for the purpose of this section, be deemed an employee of the municipality, notwithstanding the vehicle was being operated in the discharge of a public duty for the benefit of all citizens of the community and the municipality derived no special benefit in its corporate capacity."

It may be noted that, although this statute has lifted the common-law immunity which had long protected municipalities, restraint still remains. The Legislature has defined with care the limitations within which municipal liability may be predicated, thereby making applicable 'the rule: " If a statute creates a liability where otherwise none would exist, or increases a common-law liability, it will be strictly construed. A statute, even when it is remedial, must be followed with strictness, where it gives a remedy against a party who would not otherwise be liable. The courts will not extend or enlarge the liability by construction; they will not go beyond the clearly expressed provisions of the act." (Sutherland Stat. Constr. § 371; *Leppard* v. *O'Brien*, 225 App. Div. 162, 164; affd., 252 N. Y. 563.)

Before considering the statute in its application to the instant case, it should be noted that within the limits of the town of Irondequoit are more than one fire district, and that in 1930 there were areas within the township where no fire district had been created. When the Laurelton district was organized the proposal came by petition to the county board of supervisors from more than one-half the taxpayers of that area. (County Law, § 38, subd. 1.) Then followed the election by the district of five fire commissioners and the purchase of the fire truck, the cost of which was paid from proceeds of an issue of bonds which were not a town obligation but were a statutory charge against the district. (County Law, § 38, subds. 2, 3, 4, 5.) Likewise the cost of maintenance and operation of the truck, including the wages paid to the driver whose alleged negligence gave rise to this action, was a district charge. (County Law, § 38, subds. 3, 5.) It is also significant that in the event the fire district is discontinued and its truck and equipment sold, the statute requires the proceeds from such sale to be first applied to the payment of any outstanding bonded debt or any other indebtedness of the fire district and the balance credited to the taxable real property of that district. (County Law, § 38, subd. 8.)

It is thus made clear to us that the Legislature intended to make the ownership, maintenance and control of district fire apparatus a

function of the fire district, not a function for which the town is responsible. In that connection we note an opinion by Judge ANDREWS, then Mr. Justice ANDREWS, at Special Term, the facts of which are to an extent analogous to those now before us. In that case the question arose as to the ownership of a quantity of fire hose. The court held title was in the fire district, basing its decision upon the proof that the purchase had been authorized at a meeting of the electors of the district duly called by the town clerk, and that the cost thereof had been assessed and levied upon the property of the district. (*Town of Whitestown* v. *Title Guaranty & Surety Co.*, 72 Misc. 498, 506; affd., 148 App. Div. 900; affd., 209 N. Y. 512.) The same claim was again before this court in *Fabric Fire Hose Co.* v. *Town of Whitestown* (187 App. Div. 118), at which time " the nature " of a fire district was considered. It was then ruled (p. 124): " Its territorial boundaries were confined to a part of the town * * *. Its boundaries were not the boundaries of any municipality. There is no suggestion that it is a municipality. It is neither a corporation nor a *quasi* corporation. It is not a legal entity against which an action for the claim could be maintained. It is true that the town agencies acted in the premises but they acted for the benefit of the taxpayers of the district only. Their acts ought not to and would not bind the town. There is no good reason why the town should be held liable for any dereliction of these officers in the discharge of their functions exercised in behalf of the district."

In applying section 282-g of the Highway Law to the facts of the instant case we interpret the word " municipality " and its derivatives used in the statute as referring to the town of Irondequoit. Testing the record by the terms of the statute, we find no proof that the defendant Sink was " a person duly appointed by the governing board or body of the municipality, or by any board, body, commission or other officer thereof, to operate a municipally owned vehicle upon the public streets and highways of the municipality in the discharge of a statutory duty imposed upon the municipality." On the contrary, the proof is undisputed that Sink was appointed by the five fire commissioners of the Laurelton district. They owed no duty to the town of Irondequoit in the management and operation of the fire equipment under their control. They had been elected by and were responsible to the taxpayers of the limited area comprising their particular fire district. (County Law, § 38, subd. 2.) The record also shows that the fire truck upon which plaintiff was injured was not owned by the town but was purchased by the commissioners of the Laurelton district who were responsible for its operation. (County Law, § 38, subd. 3.) Finally, in the

performance of his duties as a paid driver, the defendant Sink was not employed in the discharge of a " statutory duty " imposed upon the town of Irondequoit but was performing a legal duty assumed by the Laurelton fire district under section 38 of the County Law. We find no statute which required the town to provide fire protection. The contrary is indicated by the provisions of law under which the Laurelton fire district was created to perform that function within a limited area of the township.

We have thus been led to the conclusion that section 282-g of the Highway Law does not impose liability upon the town of Irondequoit for the negligence of a paid fire truck driver of the Laurelton fire district.

An indication of the legislative policy toward actions in negligence against a fire district may be found in the enactment of section 205-a of the General Municipal Law (Laws of 1934, chap. 489) which creates a liability against such a district by reason of the negligence of a volunteer fireman in the performance of his duties and directs that judgments recovered thereunder shall be levied upon the taxable property of the district. If the tort liability of a fire district is to be extended further the Legislature alone can so provide and only by language which is unequivocal. (*Leppard* v. *O'Brien*, *supra*, p. 164.)

The judgment should be reversed on the law and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.