ENRIQUE BLANES GARCÍA ET AL., Plaintiffs and Appellants, *v.* THE CAPITAL OF PUERTO RICO ET AL., Defendants and Appellees.

No. 8024.  Argued May 1, 1940.—Decided October 24, 1940.

*Salvador Suau* for appellants.  *J. Valldejuli Rodríguez* and *Géigel & Silva* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiffs in an action for damages appeal from a judgment of dismissal.  They submit that the district court erred: in assuming that the instant case involves the acts of municipal employees in the street cleaning service, or engaged in the removal of garbage; in holding that the Capital of Puerto Rico was not liable for the acts of its employees and agents when acting in a governmental capacity, and in dismissing the action upon that theory.

Plaintiffs alleged that defendant, in the exercise of its municipal functions, maintained and operated for the official use of its respective bureaus and dependencies, a number of motor vehicles, including a two-seated Ford automobile recorded in its name, license plate G.M.–240, which on the day and at the hour and place specified in the complaint was driven by the licensed chauffeur, Ramón Murga Suárez, as its agent, subordinate or employee in the discharge of his official duties and within the scope of his employment in the

street cleaning department which is a dependency or bureau of the Capital of Puerto Rico. They alleged that the collision which occurred at a specified place within the Municipality of Río Piedras, was due exclusively to the fault, negligence and unskilfulness of defendant's chauffeur and employee.

A Ford car, as well as garbage trucks, may be used in connection with the work of collecting and removing municipal garbage. Such use does not necessarily involve the actual transportation of garbage in the car so used. The driver of such a car may be sent to an adjoining municipality on an official errand. Neither the averment that the car in question was a two-seated Ford car, nor the averment that the accident occurred outside the municipal limits was enough to destroy the effect of the other averments. The district judge did not err in his conclusion that the acts of municipal employees in the street cleaning service were involved whether or not such employees were engaged in the actual removal of garbage at the time of the accident.

██ Appellants, in support of their second contention, rely on *Cia. Industrial* v. *Municipality*, 47 P.R.R. 516; *Suau* v. *Capital de Puerto Rico*, 50 P.R.R. 733; *Kaufman* v. *City of Tallahassee*, (Fla.) 94 So. 697; Huddy on Automobiles 924–925 (appellants' brief p. 7); 4 Blashfield, Cyclopedia of Automobile Law and Practice (1930 Cum.) 1313; Section 17 of the Automobile Law (Session Laws 1916, p. 154); *Jones* v. *Town of Clarkson*, 223 N.Y. 611 (130 Misc. Rep. 57) sections 1–4 inclusive and 46 of Law No. 99 "To establish a special government for the Capital of Porto Rico, and for other purposes," approved May 15, 1931 (Session Laws, p. 626); sections 1802 and 1803 of the Civil Code (1930 ed.).

If the municipality at the time of the accident was engaged in the exercise of strictly governmental functions, it was not liable unless made so by statute. See 6 McQuillin, The Law of Municipal Corporations (2d ed.), 1038, 1045, and 1048, sections 2792 and 2793; *Villegas* v. *Municipality of San Juan*, 19 P.R.R. 397; *Compañía Industrial de Aguadilla* v.

*Municipality of Aguadilla, supra,* and *Colón* v. *Capital of Puerto Rico,* 57 P.R.R. 15. Section 17 of the Automobile Law and sections 1 to 4, inclusive and 46 of the Law No. 99, ''To establish a special government for the Capital of Porto Rico, and for other purposes,'' *supra,* approved May 15, 1931 (Session Laws p. 626) do not have the effect claimed for them by appellants. 5 Blashfield, Cyclopedia of Automobile Law & Practice, Permanent Edition, 1935, 10, section 2889; *Lacock* v. *Schenectady,* 168 N.E. 433. See *Compañía Industrial de Aguadilla* v. *Municipality of Aguadilla, supra,* and *Colón* v. *Capital of Puerto Rico, supra.*

Section 3 of an ''Act to establish a special government for the Capital of Porto Rico, and for other purposes,'' *supra,* reads as follows:

''The inhabitants of the Capital are hereby, and from the date this Act takes effect, constituted into a body politic and juridic which shall be called the 'Capital of Porto Rico', and as such body politic and juridic shall have perpetual succession, shall enjoy such rights, powers and privileges, and shall perform such obligations as the Municipality of San Juan, Porto Rico, has at present under the laws in force. All of said rights, powers, privileges and obligations shall be enjoyed and performed by the Capital, in accordance with the powers and limitations herein prescribed; *Provided,* That the Capital shall be subrogated, for all purposes, in the rights, actions and obligations of the Municipality of San Juan.''

This without more is enough to distinguish the instant case from that of *Kaufman* v. *City of Tallahassee, supra.* See note to the *Kaufman* case in 30 A.L.R. 474. Although there seems to be some difference of opinion, the sounder view is, we think, that a municipality in the collection and disposition of garbage acts in a governmental capacity. See McQuillin, The Law of Municipal Corporations (2d ed. 1937) pp. 1058, 1092, 1094, sections 2796, 2807; *Loube* v. *District of Columbia,* 92 Fed. (2d) 473; *Baumgardner* v. *City of Boston,* 23 N.E. (2d) 121; note to *Harris* v. *District of Columbia,* 14 A.L.R. 1477. But see note to *Devers* v. *Scranton,* 85 A.L.R.

546

696; *Miller* v. *Town of Irondequoit,* 243 App. Div. 240, 276 N.Y.S. 497; note to *Evans* v. *Berry,* 89 A.L.R. 395; *Devers* v. *Scranton,* (Pa.) 161 Atl. 540, 85 A.L.R. 692; *Schumacher* v. *Milwaukee,* (Wis.) 243 N.W. 756.

The district judge did not err in holding that the Capital of Puerto Rico was not liable for the acts of its employees and agents when acting in a governmental capacity, and in dismissing the action upon that theory.

The judgment appealed from must be affirmed.