JOSEPH BERGER, as Administrator, etc., of SAMUEL BERGER, Deceased, Appellant, *v.* THE CITY OF NEW YORK, Respondent, and Others, Defendants.*

Second Department, October 28, 1940.

*Robert Jablin* [*Joseph Gans* with him on the brief], for the appellant.

*Stanley Buchsbaum* [*William C. Chanler, Corporation Counsel; Irving Galt* with him on the brief], for the respondent.

CLOSE, J. This action was brought against the city of New York to recover damages for the death of the plaintiff's intestate, caused, it is alleged, by the negligence of a police officer of such

* Affg. 173 Misc. 1070.

city while operating a commandeered car in the pursuit of suspicious characters who were fleeing from the officer. The facts may be briefly stated. Defendant Joseph Patrick Kent, a police officer of the city of New York, was patrolling his beat in the borough of Brooklyn about seven o'clock on the morning of August 23, 1931, when he noticed some suspicious characters loitering in the doorway of a drug store. As he approached them to inquire what they were doing there at that hour, they entered an automobile which was standing at the curb and drove rapidly away. The officer, seeing an unoccupied automobile standing nearby with the keys in the ignition, commandeered the car and pursued the fleeing suspects for the purpose of arresting them. The automobile so operated came in violent contact with a push cart being lawfully operated upon the public street by the plaintiff's intestate, and inflicted injuries upon the plaintiff's intestate that caused his death. For the purposes of this appeal, it is conceded by the respondent city of New York that the police officer was guilty of negligence and that his negligence caused the injuries and death of the plaintiff's intestate.

The case came on for trial and the court, having reserved decision on the respondent's motion to dismiss, made at the close of the case, and the jury having disagreed, thereafter granted the motion and dismissed the plaintiff's complaint against the city of New York. From the order and judgment entered thereon the plaintiff appeals.

It is conceded that the officer not only had the right to commandeer the car (Penal Law, § 1848) but that it was his duty to do so. (*Matter of Babington* v. *Yellow Taxi Corp.*, 250 N. Y. 14.) " An officer may not pause to parley about the ownership of a vehicle in the possession of another when there is need of hot pursuit." (CARDOZO, Ch. J., in *Matter of Babington* v. *Yellow Taxi Corp.*, *supra*, p. 17.)

Under the common law a municipality was not liable for the torts of a policeman or other agents engaged in performance of duties strictly governmental. (*Maxmilian* v. *Mayor*, 62 N. Y. 160; *Wilcox* v. *City of Rochester*, 190 id. 137; *Lefrois* v. *County of Monroe*, 162 id. 563; *Lacock* v. *City of Schenectady*, 224 App. Div. 512.)

It is the contention of the appellant that this rule has been changed by the enactment of section 282-g of the Highway Law (Laws of 1929, chap. 466). This section is now found substantially unchanged as section 50-a of the General Municipal Law. At the time this accident happened section 282-g read:

"§ 282-g. Municipal liability for negligent operation of vehicles.

"Every city, town and village shall be liable for the negligence of a person duly appointed by the governing board or body of the municipality, or by any board, body, commission or other officer thereof, to operate a municipally owned vehicle upon the public streets and highways of the municipality in the discharge of a statutory duty imposed upon the municipality, provided the appointee at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment. Every such appointee shall, for the purpose of this section, be deemed an employee of the municipality, notwithstanding the vehicle was being operated in the discharge of a public duty for the benefit of all citizens of the community and the municipality derived no special benefit in its corporate capacity."

This statute was enacted "in response to a rising tide of criticism against the doctrine of sovereign irresponsibility * * *." (*Miller* v. *Town of Irondequoit*, 243 App. Div. 240, 241, per LEWIS, J.) But unless it can be held to have entirely eliminated the defense of "governmental function" in actions to recover damages for the negligence of municipal employees, acting within the scope of their duties, in the operation of vehicles, even though such vehicles are not "municipally owned," the statute is of no avail to this appellant. That such defense has not been entirely removed seems plain from the unambiguous language used. (*Johnson* v. *H. R. R. R. Co.*, 49 N. Y. 455, 462.) As stated by LEWIS, J., in *Miller* v. *Town of Irondequoit* (*supra*, p. 242): "It may be noted that, although this statute has lifted the common-law immunity which had long protected municipalities, restraint still remains. The Legislature has defined with care the limitations within which municipal liability may be predicated, thereby making applicable the rule: ' If a statute creates a liability where otherwise none would exist, or increases a common-law liability, it will be strictly construed. A statute, even when it is remedial, must be followed with strictness, where it gives a remedy against a party who would not otherwise be liable. The courts will not extend or enlarge the liability by construction; they will not go beyond the ·clearly expressed provisions of the act.' (Sutherland Stat. Constr. § 371; *Leppard* v. *O'Brien*, 225 App. Div. 162, 164; affd., 252 N. Y. 563.) "

That there is an undoubted legislative trend toward the elimination of the defense of "governmental function" seems apparent from the subsequent enactment of sections 50-a, 50-b, 50-c and 50-d of the General Municipal Law, but unfortunately these remedial sections are not retroactive. (*Ottmann* v. *Village of Rockville Centre*, 275 N. Y. 270, 275.)

Nor can the contention that section 282-g of the Highway Law is remedial in character and, therefore, must be liberally construed be upheld. This section is both remedial in character and in derogation of the common law. It grants a remedy under certain circumstances against " sovereign irresponsibility " and is thus remedial. It also creates a liability where none existed at common law (*Matter of Evans* v. *Berry*, 262 N. Y. 61, 67) and thus partakes of a double character. Under such circumstances, it must be strictly construed regardless of its remedial characteristics. (*Leppard* v. *O'Brien*, 225 App. Div. 162; affd., without opinion, 252 N. Y. 563.)

It follows that " municipally owned," as used in the statute, may not be construed as being synonymous with possession by a police officer under the facts here present. (*Johnson* v. *H. R. R. R. Co., supra.*) " Municipally owned " means owned by the municipality and not a commandeered vehicle such as is involved here. Not without painful distortion of plain and simple language can the appellant be brought within the beneficial shelter of this statute.

The order and judgment entered thereon should be affirmed, with costs.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ.

Order and judgment entered thereon unanimously affirmed, with costs.