HARRY BLUMKIN, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, February 28, 1944.

*A. Alexander Katz* and *Louis H. Robinson* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Frank J. Horan* and *Philip E. Birman* of counsel), for defendant.

HECHT, J.   Plaintiff seeks to examine defendant, by the Mayor and the Police Commissioner, pursuant to section 292-a of the Civil Practice Act, in relation to a cause of action predicated on section 71 of the General Municipal Law, for damages arising out of the Harlem riots.   Defendant's main objection is placed on the ground that a municipality can only be examined by an agent or employee engaged in an activity of a proprietary nature and that the Police Department does not come within this classification.

It is well settled that the City is not responsible for the acts of policemen because they are deemed to be discharging gov-

ernmental functions except, of course, where there is a specific statutory right of indemnification (General Municipal Law, § 50-a *et seq.*), and therefore a policeman is not considered an agent or employee of the City when it is sought to charge the City under the doctrine of *respondeat superior*. (*Woodhall* v. *The Mayor,* 150 N. Y. 450.)

However, this action is being maintained pursuant to express provision of law. The distinction between governmental and proprietary functions is not valid in such a case, when it is sought to examine the City before trial. The policeman must be considered an agent or employee for such purposes.

Defendant also objects to the production of the books and records of the Police Department on the ground that they are privileged, citing sections 893 and 894 of the New York City Charter (1938). These sections deny a general examination as to such records, but there is nothing therein that prevents their use solely for the purpose of refreshing the recollection of witnesses. The court is mindful of the confidential nature of police records and that the court's discretion should be used sparingly in regard thereto. However, as stated above, this action is expressly permitted by law, a serious loss of property has resulted, and in the very nature of things the Police Department knows of the matters in issue, if anyone does.

Items 2 and 6 have been withdrawn by the moving party. The remaining items are proper. It is no objection that the matters upon which an examination is sought may be found in newspaper reports. Such reports are not matters of public record in the sense that they will be acceptable as evidence upon a trial of the action.

The Police Commissioner or the inspector in charge of the Harlem district at the time of the riots shall appear for examination at Special Term, Part II, on March 13, 1944, at 10:30 A.M. Books and records are to be produced for the purpose of refreshing the recollection of the witness.