CLAYTON T. McCARTHY, Plaintiff, *v.* CITY OF SARATOGA SPRINGS, Defendant.

Supreme Court, Saratoga County, November 15, 1944..

*Butler, Kilmer, Hoey & Butler* for defendant.

*James D. Connor* for plaintiff.

RYAN, J. The plaintiff Clayton T. McCarthy has instituted an action in Supreme Court against the defendant City of Saratoga Springs to recover damages which he alleges he sustained by reason of a tort committed by one West, while in the active discharge of his duties as a policeman of the defendant City.

A motion was made by the defendant to dismiss the complaint upon the grounds that the complaint did not state a cause of action.

It is the contention of the defendant that it is not liable for the acts of its policemen committed in the discharge of a governmental function, except where there is a specific statutory right of indemnification.

The plaintiff, in opposition to the motion, maintains that the immunity heretofore enjoyed by a municipal corporation is no longer existent by reason of the provisions of section 8 of the Court of Claims Act (L. 1939, ch. 860), and under the authority of the decisions of the Court of Appeals in the cases of *Bloom* v. *Jewish Board of Guardians* (286 N. Y. 349) and *Holmes* v. *County of Erie* (291 N. Y. 798).

That municipalities have been immune from liability for the acts of their policemen in the discharge of a governmental function is too well established by the authorities in this State to require discussion. (*Woodhull* v. *The Mayor, etc.,* 150 N. Y. 450; *Clayman* v. *City of New York,* 117 App. Div. 565; *Blumkin* v. *City of New York,* 183 Misc. 31.)

The question now before this court for decision is whether this immunity has been revoked. Has the defense of immunity for the acts of a policeman performing a governmental function been entirely removed?

Judge CLOSE, in *Berger* v. *City of New York* (260 App. Div. 402, 404), states: "That such defense has not been entirely removed seems plain from the unambiguous language used." The appellate court cites with approval the rule laid down by LEWIS, J. in *Miller* v. *Town of Irondequoit* (243 App. Div. 240, 242): "It may be noted that, although this statute has lifted the common-law immunity which has long protected municipalities, restraint still remains. The Legislature has defined with care the limitations within which municipal liability may be predicated, thereby making applicable the rule: 'If a statute creates a liability where otherwise none would exist, or increases a common-law liability, it will be strictly construed. A statute, even when it is remedial, must be followed with a strictness, where it gives a remedy against a party who would not otherwise be liable. The courts will not extend or enlarge the liability by construction; they will not go beyond the clearly expressed provision of the act.' (Sutherland Stat. Constr. § 371; *Leppard* v. *O'Brien,* 225 App. Div. 162, 164; affd., 252 N. Y. 563.)"

The motion to dismiss the complaint is granted.