Matthew M. Levy, J.
This is an action for damages for personal injuries. It is alleged by plaintiffs in their complaint and moving affidavit that, on April 12, 1957, the defendant (the City of New York) was conducting a special population census in this city, and that two persons, a man and a woman, employed by the defendant for such purpose, presented themselves at the door of the home of Mrs. Wilkins, a plaintiff, for the purpose of obtaining certain information in connection with the taking *28 of such census. Mrs. Wilkins claims that the male census-taker negligently and forcibly slammed the door on her hand, thus causing her serious injuries.
Asserting that they do not have the names and addresses of the census takers who visited them, but that Mrs. Wilkins could identify them by sight, the plaintiffs move before me for an order to examine the defendant municipality for the purpose of securing the names and addresses of the census takers assigned to Mrs. Wilkins’ premises and to require the defendant to produce the books and records and reports taken pertaining thereto.
Section 292-a of the Civil Practice Act permits a court of record, in its discretion, to “ order that the testimony of one or more of the officers, agents, or employees of such public corporation [as the City of New York], which is material and necessary, be taken by deposition ”. The identity of the census takers, as I see it, is a material and necessary factor in the plaintiff’s case (cf. Matter of Weiss [Mount Sinai Hosp.], 208 Misc. 1010). This the defendant does not deny; nor does it claim that it has no knowledge or information as to the identity sought to be ascertained.
The defendant opposes the application on the basis of an affidavit of an Assistant Corporation Counsel of the City of New York, who is in charge of the Division of Tort Litigation in the Law Department of the city. The sole objections and the only facts in support thereof are stated in the affidavit in the following language:
“ That this is a motion seeking an examination before trial of The City of New York in connection with facts concerning the taking of the census on behalf of the Federal Government.
“It is respectfully submitted to the Court that any and all information concerning the taking of the census on behalf of the Federal Government is confidential by law. It is further submitted that the employees assigned to take this census were acting as agents and employees of the Federal Government of the United States.”
The difficulties with this submission on the defendant’s part are manifold.
There is no presentation of proof, by someone having knowledge of the facts, that the persons here involved were not acting on behalf of the city, but rather on behalf of the Federal Government. The bare assertion in the affidavit to that effect is a conclusion, rather than a statement of fact. Indeed, as can be seen upon an examination of the defendant’s answer, it appears that, while the defendant city alleges that ‘ ‘ the census-takers *29 were sworn in as Federal employees and [that] the defendant had no jurisdiction over them ”, the defendant expressly admits in its answer “ that [it was both] the defendant and the United States Chamber [sic — Department ?] of Commerce [that] conducted a special census of the population of the City of New York”.
But, assuming that the defendant’s position on the merits is factually so, and that the employees were not the defendant’s but the Federal Government’s, that fact, if proved, would mean that the plaintiff’s complaint would have to be dismissed upon the trial. It does not justify denying the plaintiffs an opportunity to obtain contrary proof which they might present upon the trial in support of their cause of action as alleged in the complaint. It is the City of New York which is the present defendant, and it is alleged in the complaint that it is the city which was engaged in the taking of the census, and that the census takers here involved were the defendant’s employees and that they were acting within the scope of that employment. The defendant has not sought here to dismiss the complaint for insufficiency or to obtain its dismissal on an application for summary judgment. The defendant’s assertion, in effect, that the plaintiffs have sued, or presented their claim to, the wrong governmental authority, should not deprive the plaintiffs of an opportunity of gathering the necessary information in advance of the trial so as to support their claim that they are indeed seeking judgment against the proper party.
As I have said, the defendant does not deny that it has the information sought to be obtained from it by the plaintiffs on this application. It contends only (on this facet of the issues) that the employees assigned to take the census were acting as agents and employees of the Federal Government. Nowhere, however, does it appear, as a fact, that the census taken on April 12,1957, was conducted solely by the Federal Government. And, as to the law (while no briefs, one way or the other, have been submitted by respective counsel), reference can, however, be made to some statutes which may be helpful. Section 20 of the General Municipal Law provides, in part, that a city is “ empowered to contract with the United States bureau of the census to supervise a special population census for [certain] purposes”. Under section 8 of title 13 of the United States Code, the Department of Commerce of the United States may make special statistical compilations and surveys and furnish them to local officials upon the payment of the costs of such work. In pursuance of other provisions of the Federal statute, a census of the population is to be taken every 10 years (§ 141). *30 And it may be that, if the survey or census were federally conducted, the employees doing the job are appointees of the Secretary of Commerce and come within his sole jurisdiction (§ 23). There may be other relevant statutes, State and Federal, but I need not exhaust the field. Suffice it to say that it does not necessarily follow that the work here was a Federal responsibility and a Federal census solely (see the discussion in State ex rel. Brubaker v. Brown, 163 Ohio St. 241). Moreover, subdivision (b) of section 8 of title 13 of the United States Code expressly provides that “ [i]n the case of nonprofit organizations or agencies the Secretary may engage in joint statistical projects, the cost of which shall be shared equitably as determined by the Secretary and provided that the purposes are otherwise authorized by law.” (Italics supplied.) The census involved in this case may well have been, as indicated in the defendant’s answer, a joint project of both the municipal and the Federal Governments.
The defendant contends further, as I have said, that “ any and all information concerning the taking of the census on behalf of the Federal Government is confidential by law.” Assuming that this was a Federal census or that it was conducted by the Federal authorities alone by virtue of a contract or arrangement between the City of New York and the Government of the United States,-no statute has been cited to support the contention that the data-requested by the plaintiffs on this application are privileged as against them. I have found a section in the Federal statute upon which the defendant may be relying. That is section 9 of title 13 of the United States Code. It is set forth in the margin.* A reading of it makes it quite *31 plain that, while certain information collected in a Federal census is confidential, the statute does not state that the names and addresses of the employees used by the Bureau of the Census to collect such information shall also be held confidential. Moreover, subdivision (c) of section 8 provides that “ [i]n no case shall information furnished under the authority of this section be used to the detriment of the persons to whom such information relates.” (Italics mine.) The information, if any, gathered by these census takers related to the plaintiffs. What the plaintiffs seek here is, obviously, not to be used to the “ detriment ’ ’ of the plaintiffs, but in aid of the prosecution of their cause of action.
It is my view that the burden of justifying a privilege or confidence — when such a plea is presented to thwart the adverse party from gaining necessary and material information to prove his claim in a court of justice — is upon the party asserting such plea (cf. Ticon Corp. v. Emerson Radio & Phonograph Corp., 206 Misc. 727; Matter of Sorin v. Shahmoon Ind., 20 Misc 2d 149,158). From what I have been able to gather on my own, the defendant has not in the least met that burden, either on the facts or the law. I hold therefore that the defendant should be required to submit to examination by an officer, agent or employee having knowledge of the facts, on the matter of the names and addresses of the census takers involved herein and that, at such examination, the defendant shall be required to produce its relevant books, papers and records, for the purpose only of refreshing the witness’ recollection, in pursuance of section 296 of the Civil Practice Act. In Blumkin v. City of New York (183 Misc. 31) it was held that, although certain police records are confidential, they may be required to be produced for use by the Police Commissioner to refresh his recollection when he is directed to appear for examination before trial.
The plaintiffs’ motion is granted to the extent indicated, and otherwise denied.

 § 9. Information as confidential; exception,
(a) Neither the Secretary, nor any other officer or emploj'ee of the Department of Commerce or bureau or agency thereof, may, except as provided in section 8 of this title —
(1) use the information furnished under the provisions of this title for any purpose other than the statistical purposes..for which it is supplied; or
(2) make any publication whereby the data furnished by any particular establishment or individual under this title can be identified; or
(3) permit anyone other than the sworn officers and employees of the Department or bureau or agency thereof to examine the individual reports.
(b) The provisions of subsection (a) of this section relating to the confidential treatment of data for particular individuals and establishments, shall not apply to the censuses of governments provided for by sub chapter III of chapter 5 of this title, nor to interim current data provided for by sub chapter IV of chapter 5 of this title as to the subjects covered by censuses of governments, with respect to any information obtained therefor that is compiled from, or customarily provided in, public records. (Aug. 31, 1954, ch. 1158, 68 Stat. 1013.)