■ WILLIAM COLEMAN et al., Respondents, v WESTCHESTER STREET TRANSPORTATION CO., INC., Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Westchester County (Burchell, J.), dated March 16, 1981, which granted plaintiffs' motion to strike an affirmative defense. Order affirmed, with $50 costs and disbursements. Plaintiff William Coleman was injured when he was struck by a bus which was being operated by the defendant, a private corporation, pursuant to a contract with the County of Westchester. The bus had been leased to the defendant but was municipally owned. Plaintiffs subsequently commenced this personal injury action against the defendant alone. In its answer, the defendant asserted as an affirmative defense that the action could not be maintained because the plaintiffs had failed to comply with section 50-e of the General Municipal Law in that they had not filed a notice of claim. Special Term granted the plaintiffs' motion to strike that defense, and the defendant appeals. Although the plaintiffs commenced this action against the defendant alone and not against the county, a notice of claim would nevertheless be required if the county "has a statutory obligation to indemnify" the defendant. (See General Municipal Law, § 50-e, subd 1, par [b]). By

statute, the county is obligated to indemnify "a person duly appointed by the governing board or body of the municipality, or by any board, body, commission or other officer thereof, [who is negligent] in the operation of a municipally owned vehicle or other facility of transportation within the state in the discharge of a statutory duty imposed upon such person or municipality". (General Municipal Law, § 50-b, subd 1.) In the case at bar, the contract between the defendant and the municipality was entered into under the authority of the Transportation Capital Facilities Development Act of 1967 (L 1967, ch 717). That enabling legislation conferred power on the municipality to operate transit facilities and established funding for such projects. Its provisions, however, were permissive only. The county applied for a grant under the act and, by its own local laws, undertook to provide bus service. (See Local Laws, 1969, No. 8 of Westchester County; Local Laws, 1970, No. 11 of Westchester County.) In our view, any duty assumed by the county herein was self-imposed pursuant to its own local laws. Consequently, there was no "statutory duty" imposed upon the municipality (see McKinney's Cons Laws of NY, Book 1, Statutes, § 1; *Miller v Town of Irondequoit,* 243 App Div 240, 244, affd 268 NY 578), and, therefore, the county has no statutory obligation to indemnify the defendant for its negligence. Accordingly, no notice of claim was required to be filed. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.