■ MARIA MONTALTO, an Infant, by Her Sister and Guardian, ADELINE MONTALTO, Respondent, v WESTCHESTER STREET TRANSPORTATION CO., INC., et al., Appellants. BOARD OF EDUCATION OF THE CITY OF MOUNT VERNON et al., Third-Party Defendants. — In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Gagliardi, J.), entered July 19, 1983, as denied their motion to dismiss the amended complaint for failure to serve a notice of claim pursuant to section 50-e of the General Municipal Law. ¶ Order affirmed insofar as appealed from, with costs. ¶ On

February 6, 1976, a fight broke out among several high school students on a bus owned by the defendant Westchester Street Transportation Company, Inc. (Westchester), and operated by one of Westchester's employees, the defendant William O'Leary (O'Leary). As an alleged consequence of the fight, Maria Montalto (Montalto), also a high school student, sustained "severe and serious injuries". ¶ By the service of a summons and verified complaint, Montalto, by her sister and guardian, Adeline Montalto, commenced this action, seeking to recover, *inter alia,* damages for personal injuries and medical expenses. An amended verified complaint was served on the defendants seeking the same relief. ¶ On or about September 15, 1977, the defendants answered, generally denying the plaintiff's allegations. As affirmative defenses to the amended complaint, the defendants alleged that the incident and damages, if any, were "wholly or in part caused by the culpable conduct of" Montalto, and that "the [amended] complaint fails to state a cause of action in that the plaintiff has not complied with the particularity required in pleading pursuant to Rule 3016 [g] of the CPLR". ¶ The defendants also commenced a third-party action against the Board of Education of the City of Mount Vernon and the City of Mount Vernon (third-party defendants) by the service of a summons and verified third-party complaint. The defendants in essence alleged that, assuming Montalto sustained injuries during a fight on one of Westchester's buses, the third-party defendants were primarily responsible for those injuries. ¶ By notice of motion dated May 5, 1983, the defendants moved for an order dismissing the complaint "for failure to file a notice of claim pursuant to the General Municipal Law Section 50-e, sub (1), paragraph b, and COLEMAN vs. WESTCHESTER STREET TRANSPORTATION CO., INC., 57 NY2d 734". ¶ By notice of cross motion, dated May 13, 1983, third-party defendant board of education moved for "an Order pursuant to General Municipal Law § 50-e, sub (1), [par] B, and the case of *Coleman v Westchester Street Transportation Co., Inc.,* 57 NY2d 734, and CPLR 3212, granting defendants' motion for an Order dismissing this case and upon dismissal of the primary case, for a further Order dismissing the third-party action against THE BOARD OF EDUCATION OF THE CITY OF MOUNT VERNON". ¶ By order entered July 19, 1983, Trial Term denied the motion and cross motion to dismiss, citing *James v Liberty Lines* (119 Misc 2d 1060). Westchester and O'Leary appeal. ¶ Section 50-b of the General Municipal Law in relevant part provides that: "1. Every county, city, town, village and other subdivision of government, notwithstanding any inconsistent provisions of law, general, special or local or any limitation contained in the provision of any city charter, shall be liable and shall assume the liability for the negligence of, and shall save harmless, a person duly appointed by the governing board or body of the municipality, or by any board, body, commission or other officer thereof, *in the operation of a municipally owned vehicle or other facility of transportation within the state* in the discharge of a statutory duty imposed upon such person or municipality, provided the appointee at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment" (emphasis added). ¶ In *Coleman v Westchester St. Transp. Co.* (85 AD2d 706, revd 57 NY2d 734), a case involving the same defendant bus company as in the case at bar, plaintiff William Coleman was injured when he was struck by a bus which was being operated by the defendant, a private corporation, pursuant to a contract with the County of Westchester. The bus had been leased to the defendant *but was municipally owned.* The plaintiffs subsequently commenced a personal injury action against the defendant bus company alone. In its answer, the defendant asserted as an affirmative defense the plaintiffs' failure to serve a notice of claim pursuant to section 50-e of the General Municipal Law. Plaintiffs' motion to strike that defense was granted and the defendant appealed. This

court affirmed, stating: "Although the plaintiffs commenced this action against the defendant alone and not against the county, a notice of claim would nevertheless be required if the county 'has a statutory obligation to indemnify' the defendant. (See General Municipal Law, § 50-e, subd 1, par [b]) * * * In the case at bar, the contract between the defendant and municipality was entered into under the authority of the Transportation Capital Facilities Development Act of 1967 (L 1967, ch 717). That enabling legislation conferred power on the municipality to operate transit facilities and established funding for such projects. Its provisions, however, were permissive only. The county applied for a grant under the act and, by its own local laws, undertook to provide bus service * * * In our view, any duty assumed by the county herein was self-imposed pursuant to its own local laws. Consequently, there was no 'statutory duty' imposed upon the municipality * * * and, therefore, the county has no statutory obligation to indemnify the defendant for its negligence. Accordingly, no notice of claim was required to be filed" (85 AD2d 706, 706-707, *supra*). ¶ However, the Court of Appeals reversed, explaining that, "[t]he local law creating the transit system * * * imposed upon the county a statutory duty to operate it * * * The imposition of such duty created an obligation that the county indemnify defendant for any damages recovered against it * * * and therefore a notice of claim was required" (57 NY2d 734, 735, *supra*). ¶ Though Trial Term in the instant case erroneously concluded that *Coleman* (*supra*) was not to be retroactively applied (see *James v Liberty Lines,* 97 AD2d 749, revg 119 Misc 2d 1060, *supra*), we nevertheless affirm insofar as appealed from, the order denying the motion and cross motion to dismiss the amended complaint. Contrary to the facts in *Coleman* (*supra*), the bus involved in this case was not a "municipally owned vehicle or other facility of transportation", as required in subdivision 1 of section 50-b of the General Municipal Law. The law is well settled that statutes granting remedies against "sovereign irresponsibility", being both remedial and in derogation of the common law, are to be narrowly or literally construed (see *Berger v City of New York,* 260 App Div 402, 405, affd 285 NY 723; *Bernadine v City of New York,* 268 App Div 444, affd 294 NY 361; *Sikora v Steinberg,* 40 Misc 2d 649, affd 20 AD2d 852). Consequently, since the bus involved herein was not municipally owned and therefore, not within the purview of subdivision 1 of section 50-b of the General Municipal Law, the municipality was under no duty to indemnify the defendants. Therefore, service of a notice of claim by plaintiff was not required. ¶ In light of our determination that service of a notice of claim was not required, we need not reach the parties' remaining contentions. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.