Bellacosa, J.
(dissenting). Remedial legislation was enacted in 1980 (L 1980, ch 670, §§ 1, 2) to ameliorate the harshness and to narrow the scope of the strict liability imposed by Labor Law § 240 (1) and § 241, as interpreted by this Court in Haimes v New York Tel. Co. (46 NY2d 132) and Allen v Cloutier Constr. Corp. (44 NY2d 290, rearg denied 45 NY2d 776). "[O]wners of one and two-family dwellings” who contract for but do not direct or control a contractor’s work were specifically exempted from that strict liability doctrine (Labor Law § 240 [1]; § 241).
Defendant Marsini Donnini owns the one-family dwelling at issue and defendant Samuel Donnini, her husband, oversees its rental. Defendants own only two properties: their home in Cohoes, New York, in which they reside, and the dwelling at issue in Troy, New York, which they currently rent to college students. The Troy dwelling is not divided into apartments or separate living quarters; it has one kitchen, one bathroom, four bedrooms and a common living area. It is not a "commercial enterprise” and defendants are not "developer/owners of *884 one and two-family houses constructed for resale” (majority mem, at 883, and n). Nevertheless, they are deprived of the 1980 remedial exemption by the majority’s statutory construction which inserts a "commercial use” disqualifier into the plain statutory language and creates a sweeping presumption of commercial sophistication attributed to all renting owners of one or two-family dwellings.
Unambiguous language in a statute must be construed to give effect to the plain meaning of the words used (see, Matter of Yong-Myun Rho v Ambach, 74 NY2d 318, 321-322; Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665; Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 674-675; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 76, 94). The words of Labor Law § 240 (1) and § 241 are plain and have unmistakable import and history.
The Legislature chose language related only to the structural character of dwellings when it enacted protection specifically and simply for owners of "one and two-family dwellings” who do not direct or control work on the premises. Had the Legislature intended to further restrict the beneficial reach of the exemption it was enacting, it could have just as simply added a variety of qualifying clauses or words relating to a dwelling’s use, e.g., "occupied by the owner” or "not used for commercial purposes”. It did nothing of the kind. To the contrary, the inclusion of two-family dwellings in the exemption amendment unequivocally supports the conclusion that the Legislature contemplated at least partial commercial use without forfeiture of the exemption (see, Cannon v Putnam, 76 NY2d 644, 650 ["A homeowner who hires someone to paint his own living-room ceiling should be afforded the benefit of the statutory exemption from liability even if he also maintains a business on the property” (emphasis added)]; see also, Rivera v Revzin, 163 AD2d 896). Nevertheless, the majority concludes that owners who rent their one or two-family dwelling forfeit the remedial benefit the Legislature so plainly engrafted on the strict liability cause of action which it created. That conclusion clashes with proper statutory construction rules.
The majority advances the axiom that statutory exceptions are strictly construed. Competing with this rule of thumb, however, is the requirement that liberal construction be given to exemptions, such as those at issue in Labor Law § 240 (1) and § 241, which are remedial in nature (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 321). Moreover, the substan *885 tive rule of strict liability imposed by Labor Law § 240 (1) and §241 drastically changed and increased owners’ common-law liability. In this respect, statutes which derogate from common law are supposed to be strictly construed (Arbegast v Board of Educ., 65 NY2d 161, 169; Miller v Town of Irondequoit, 243 App Div 240, 242, affd without opn 268 NY 578; McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [a], [c]; § 304). In this contest of varying statutory rules of construction, the defendants definitively have the better case.
But there is even more. The majority creates a presumption, seemingly woven out of legislative history, as a basis for excising defendants as a matter of law from the exempt class of strictly liable persons. That approach weakens, rather than aids, plaintiff’s statutory construction case. First, resort to legislative history to divine the meaning of the clear language of Labor Law § 240 (1) and § 241 is unwarranted (Sega v State of New York, 60 NY2d 183, 191; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 120, 125). Even when considered, however, the legislative history of the 1980 amendment suggests that it was the product of the Legislature’s concern that owners of one and two-family dwellings are not sophisticated enough to realize, understand and insure against the risk of strict liability under the Labor Law (see, Mem of NY Law Rev Commn, 1980 McKinney’s Session Laws of NY, at 1657). Defendants are exactly the type of owner for whom the Legislature was expressing concern and enacting a protection. Yet, a new presumption is now attributed to defendants — and everyone else who owns or comes to own a one or two-family rental dwelling — that merely by renting a single piece of property they automatically have sufficient business skills and expertise "to recognize the necessity to insure against the strict liability imposed by the statute.” (Majority mem, at 882.) That presumption runs diametrically contrary to the legislative intent and is not supported by the legislative history. There is no indication that the Legislature ever considered the sophistication of property owners as a limitation on the reach of the "one and two-family dwellings” exemption. The only limitation discussed and eventually adopted was that the exemption would not apply to owners who actually direct and control the work (see, Mem of NY Law Rev Commn, op. cit; Dept of Commerce Letter, Bill Jacket, L 1980, ch 670). That should take care, in any event, of the developer-type owners about whom the majority frets in its strawperson argument by hypothesizing a case not now before us, which is then used to *886 deprive the defendants who are before us in this case of their statutory exemption. Finally, there is no empirical basis anywhere in the statute, its legislative history or this record for the erection of such a presumption and its attribution to these defendants.
Thus, by the twist of two faulty premises, liability is thrust on defendants by operation of law rather than by trial and proof. They are deprived of their day in court and of any potentially mitigating benefits of plaintiffs own comparative negligence. Plaintiff is correspondingly relieved of the elemental burden of proving negligent conduct by the defendants.
The injustice of this approach may be appreciated better by observing that if plaintiff had not enjoyed this procedural and substantive windfall, he might still have had his day in court with the opportunity to prove a traditional common-law negligence cause of action against these defendants. It is only the defendants, based on a cramped construction of the remedial statutory exemption, who are driven out of court before plaintiff is even put to his proof.
We respectfully dissent and would affirm the order of the Appellate Division granting summary judgment to defendants dismissing the complaint.
Judges Simons, Kaye, Alexander and Titone concur in memorandum; Judge Bellacosa dissents and votes to affirm in an opinion in which Chief Judge Wachtler and Judge Hancock, Jr., concur.
Order reversed, etc.